## HANNA v. ANDREWS.

1. **Contract: SALE OF GOOD-WILL.** Where a land agent sold his business and the good-will thereof to another, with an agreement not to re-engage in the business in the same place for three years, it was *held*, that after the expiration of that time he was not debarred by the contract from soliciting the agency for the same lands he had in charge when the contract was made.

*Appeal from Audubon District Court.*

THURSDAY, APRIL 10.

ACTION for injunction to restrain the defendant from violating a contract entered into by him with the plaintiff. The petition shows that on the 8th of September, 1874, the defendant had been engaged, in the town of Exira, Audubon county, in the practice of the law, and in buying and selling real estate, and acting as agent for real estate owners; that he was the agent for the sale of several thousand acres, of which he had a list; that on the day aforesaid he entered into a contract with the plaintiff whereby he sold to the plain-

tiff his land and law business, including his business as real estate agent, and his good-will in the business in said county. The contract was reduced to writing, and a copy is attached to the petition. It provides in substance that Andrews sells to Hanna for five hundred dollars his entire land and law business, and business as real estate agent, and his good-will and influence, and a list of all his correspondents, and agrees to give him letters of introduction to the correspondents, and render him assistance in communicating with them, and not to engage in the land business or practice of the law within the county for the space of three years.

The petition avers that the plaintiff has returned to the land business in the town of Exira, and has been engaged in the same since July 1, 1878; that he has published notice of that fact and solicits public patronage; that he has addressed letters, cards and circulars to the owners of lands embraced in the list sold and transferred to the plaintiff, and has already secured the agency for the sale of some of the lands embraced in such list, and has sold some of the lands.

A temporary injunction was issued, and afterward the defendant moved to dissolve on the ground that the petition fails to show a breach of the contract. The court dissolved the injunction, and the plaintiff appeals.

*John M. & R. W. Griggs*, for appellant.

*M. Nichols* and *Nourse & Kauffman*, for appellee.

ADAMS, J.—It is not claimed that the defendant did anything inconsistent with his contract until after the expiration

1. CONTRACT: sale of good-will. of three years. The question presented is as to whether, after that time, it was allowable for him to solicit the agency of the very lands, the list of which he had transferred to the plaintiff, and which he had agreed to assist the plaintiff in obtaining the agency of. The plaintiff maintains that, while the defendant might return to the land agency business after the lapse of three years and compete

with him in a general way, he should not under his contract
be allowed to compete with him for the agency of the lands
in regard to which they had specifically contracted.

It is not contended by the appellant that the appellee has
not transferred to him all that he agreed to transfer.   The
breach of the contract then, if any, does not consist in the
omission to do something which the appellee agreed to do,
but in doing something which the appellee agreed not to
do.   If there is a breach of the contract in soliciting the
agency of the lands embraced in the list transferred to the
appellant it is because the appellee agreed that he would not
solicit the agency of such lands.   Now there is no pretense
that there is any express agreement to that effect except for
the period of three years from the date of the contract.   If
there is an agreement to that effect it arises by implication
of law from an express agreement.   What appellee agreed to
do was to transfer his list of lands and correspondence, and the
good-will of his business, and give letters of introduction.   If
we should concede that the sale of the good-will of a business,
without restrictions upon the seller, would raise an implied
agreement not to re-engage in the same business in the same
place, such concession would not, we think, aid the plaintiff.
By the terms of the appellee's contract it was allowable for
him after three years to re-engage in the land agency busi-
ness, and the only question is as to what extent he may do so.

It appears to us that when the appellant provided for the
return of the appellee to the business after three years, he
opened the door to the appellee to come in and compete with
him in every respect.   The appellee, if applied to, could cer-
tainly accept the agency of the lands in question.   He could
certainly compete for the agency by general advertisement,
by acquaintance, and by fidelity to business.   The courts, we
think, could not properly undertake to draw the line between
such competition and that which should be carried on by more
or less direct solicitation.

AFFIRMED.